UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Gary K. Roman, | : | |
| Debtor. | : | Bankruptcy No. 23-13327-mdc |

# ORDER

**AND NOW**, on November 2, 2023, Gary K. Roman (the "Debtor") filed a voluntary bankruptcy petition (the "Petition")[1] under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").

**AND**, the Petition identifies the Debtor's residence as being located at 1451 Lorimar Avenue, Huntingdon Valley, Pennsylvania (the "Property").

**AND**, the Debtor's Schedule A/B filed with the Petition values the Property at $1,889,605.00, and represents that the Debtor jointly owns it with his spouse ("Mrs. Roman").

**AND**, the Debtor's Schedule C filed with the Petition claims an exemption for the Property in the amount of $1,533,852.00 pursuant to §522(b)(3)(B) of the Bankruptcy Code (the "Claimed Exemption").

**AND**, on November 3, 2023, Robert Seitzer was appointed the chapter 7 trustee (the "Trustee") in the Debtor's bankruptcy case.[2]

**AND**, on December 13, 2023, the Trustee filed an objection to the Debtor's Claimed Exemption (the "Exemption Objection")[3] on the basis that the Property is solely owned by the

---

1 Bankr. Docket No. 1.
2 Bankr. Docket No. 8.
3 Bankr. Docket No. 15.

-1-

Debtor, not jointly owned by the Debtor and Mrs. Roman as represented in the Debtor's Schedule A/B, and therefore is not properly exempted under §522(b)(3)(B) of the Bankruptcy Code.

**AND,** on December 31, 2023, the Debtor filed a response to the Exemption Objection (the "Response"),[4] asserting that although he purchased the Property's land in his name alone, he later built the home thereon (the "Residence") and believed that the Property was at that point re-titled in his and Mrs. Roman's names.

**AND**, on February 21, 2024, the Court held an evidentiary hearing (the "Hearing") on the Exemption Objection and the Response, after which the Court took the matter under advisement.

**AND,** upon consideration of the Exemption Objection, the Response, and the evidence and arguments at the Hearing.

It is **HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Exemption Objection is **SUSTAINED**.[5]

2. The Debtor's Claimed Exemption for the Property is made pursuant to §522(b)(3)(B) of the Bankruptcy Code, which provides an exemption for "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. §522(b)(3)(B).

---

4 Bankr. Docket No. 23.

5 This ruling resolves only the Exemption Objection as it relates to §522(b)(3)(B). Nothing herein shall constitute a finding by the Court regarding any interest or claim, if any, Mrs. Roman may have against the Debtor and/or the Debtor's estate.

3.  By the Exemption Objection and at the Hearing, the Trustee argues that the only recorded deed for the Property (the "Recorded Deed") reflects that the Debtor alone owns it,[6] and the recorded mortgages on the Property dated May 16, 2012 and May 10, 2013 (the "Recorded Mortgages") identify only the Debtor as the borrower and grantor.[7]

4.  The Debtor counters that although the underlying land is titled only in his name, he and Mrs. Roman built the Residence together for their expected family and always intended that they would both own it. According to the Debtor, he and Mrs. Roman applied for the mortgage loan from FirstTrust Bank that they used, together with other borrowed funds, to build the Residence, and they jointly made the mortgage payments. In support, at the Hearing the Debtor produced a loan application,[8] promissory note (the "Note"),[9] settlement statement,[10] and an unrecorded mortgage (the "Unrecorded Mortgage"),[11] each dated May 16, 2012 and each purportedly signed by the Debtor and his wife. The Debtor also produced a mortgage statement from FirstTrust Bank dated December 1, 2023, addressed to him and his wife.[12] The Debtor asserts these documents are consistent with his understanding that when he and his wife built the Residence on the Property and borrowed money to do so, they did it as joint owners and it was intended that the Property would be retitled in both of their names.

5.  While the documents the Debtor produced at the Hearing may reflect that he and

---

6 Exhibit T-3.
7 Exhibits T-4 and T-5.
8 Exhibit D-2.
9 Exhibit D-3
10 Exhibit D-4.
11 Exhibit D-5.
12 Exhibit D-6.

his wife became jointly obligated for the indebtedness to FirstTrust Bank with respect to the Property, they do not establish that she was an owner of the Property. Rather, as the Trustee contends, the Property is titled solely in the Debtor's name, reflected in the Recorded Deed. A recorded deed creates a presumption of ownership. *See In re RGW Props. of Beaver County, Inc.,* 564 B.R. 489, 493 (Bankr. W.D.Pa. 2017) (citing *Wagner v. Wagner,* 466 Pa. 532, 353 A.2d 819, 823-24 (1976) and *In re Walkinshaw's Estate,* 275 Pa. 121, 118 A. 766, 768 (1922)). The exhibits and testimony the Debtor provided at the Hearing did not rebut this presumption, particularly in light of Pennsylvania's requirement that a deed be recorded with respect to any transaction "wherein it shall be the intention of the parties … to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth[.]" 21 P.S. §351.[13]

6.     The Debtor believes that after he purchased the Property's land in his own name in 2001, he and his wife became joint owners of the Property when they built the Residence thereon in or about 2012. That subjective belief, however, does not rebut the presumption of ownership as established by the Recorded Deed. Nor did the Debtor provide any authority for the proposition that title to the Property's land and title to the Residence are distinct, notwithstanding the Recorded Deed, and the Court has not identified any such authority based on its own research.[14] Given this, and the undisputed fact that no new deed was recorded at the time

---

13 The Court also observes that the authenticity of the Note and Unrecorded Mortgage the Debtor produced at the Hearing is, at least, questionable. Both documents were purportedly signed by the Debtor and Mrs. Roman, but only the Debtor's name appears in typed font below his signature line. The Court finds the fact that Mrs. Roman's name does not appear below her signature to be perplexing, suggesting either that her signature was not contemplated when the documents were prepared or that she did not execute them when the Debtor did. Regardless, her signature on the Note and Unrecorded Mortgage does not create an ownership interest where the Recorded Deed does not identify her as an owner.

14 Anecdotally, however, although the Montgomery County Recorder of Deeds website does not, the websites of various other Pennsylvania counties' Recorder of Deeds advise that the building of a house on

the Debtor and his wife built the Residence, the Court finds that the Recorded Deed for the Property identifying the Debtor alone as the record owner of the Property applied to the Residence as well.  Because the Debtor and his wife did not acquire title to the Property together and at the same time, no tenancy by the entireties or joint tenancy existed.  *See, e.g., In re DelCorso,* 382 B.R. 240, 252 (Bankr. E.D.Pa. 2007) (Pennsylvania law requires that four unities be present for a joint tenancy or tenancy by the entirety to exist: interest, title, time, and possession, while tenancy by the entireties also requires marriage) (citing *Madden v. Gosztonyi Savings & Trust Co.,* 331 Pa. 476, 200 A. 624, 627 (1938) and *Walsh v. Gregorchik (In re Gregorchik),* 311 B.R. 52, 54 (Bankr. W.D.Pa. 2004)).

7.  Because the Debtor does not own the Property with Mrs. Roman as tenants by the entirety or joint tenants, he cannot claim an exemption for the Property pursuant to §522(b)(3)(B) of the Bankruptcy Code.  The Exemption Objection is therefore sustained.

Dated:  April 12, 2024

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

---

a lot does not necessitate the issuance of a new deed, as the original deed covers any buildings erected on the lot at a later date. See Bucks County Recorder of Deeds FAQs, https://www.buckscounty.gov/Faq.aspx?TID=24 (last visited April 11, 2024); Fayette County Recorder of Deeds FAQs, https://www.fayettecountypa.org/502/Frequently-Asked-Questions (last visited April 11, 2024); Centre County Recorder of Deeds Frequently Asked Questions, https://centrecountypa.gov/437/Frequently-Asked-Questions (last visited April 11, 2024); Lehigh County Recorder of Deeds Frequently Asked Questions, https://www.lehighcounty.org/Departments/Clerk-of-Judicial-Records/Recorder-of-Deeds/Frequently-Asked-Questions (last visited April 11, 2024).